LOTTINGER, Judge.
Larry Darnel Taylor was indicted by a grand jury for murder in the first degree, a violation of La.R.S. 14:30. A jury unanimously found defendant guilty as charged. In accordance with the recommendation of the jury, the trial court sentenced defendant to life imprisonment without benefit of probation, parole, or suspension of sen *47 tence. Defendant appeals, alleging three assignments of error. Defendant did not submit an argument in brief on assignments number 1 and 2; therefore, those assignments of error are considered abandoned. Uniform Rules-Courts of Appeal 2-12.4.
During the evening of October 16, 1983, Larry Darnel Taylor (defendant), Larry Darnell Benjamin and David Earl Wilson began driving back to Houston, Texas after spending approximately a week in Mobile, Alabama. Just past midnight, the automobile ran out of gas and came to a stop along Interstate 10 outside of Slidell, Louisiana.
Defendant, who was dressed in woman’s apparel, stood along the interstate to flag down an automobile. Steven Stinson, the victim, stopped to offer defendant help.
When defendant opened the passenger door of the victim’s automobile, on the pretense of getting in for a ride to the nearest gas station, David Wilson emerged and shot the victim with a sawed off shotgun. The victim managed to press down the accelerator of his automobile, and it went down the highway until veering off into the woods. The victim’s body was found pulled out of his automobile and his pockets emptied. The shotgun lay beside him. David Wilson was arrested between 1:30 and 2:00 a.m. Defendant and Larry Benjamin were apprehended several hours later, within the confines of Community Mobile Homes, a retail sales establishment located near the scene of the crime on Highway 433.
Defendant argues the trial court erred in overruling his objection to the state’s asking of investigating Detective Mike Moore the following question: “Detective Moore, do you have any evidence whatsoever to indicate that Mr. Taylor tried to help Mr. Stinson?”
Defendant argues this is reversible error because the question calls for the witness to state an opinion on an ultimate issue. We disagree.
In Louisiana courts a witness generally must testify to facts within his knowledge, and neither as to any recital of facts heard by him, nor as to any impression or opinion that he may have. La.R.S. 15:463.
In response to the State’s question, Detective Moore said, “[bjased upon the statement I received from him [defendant], no, sir.” Clearly, the testimony given by Detective Moore was based on that which he personally heard and observed — defendant’s statement.
We find no abuse of discretion on the part of the trial court, finding that Detective Moore testified only to facts within his personal knowledge.
We further note that defendant failed to show any prejudice against him as a result of the trial court’s ruling. Defendant’s testimony at trial concerning what took place following the shooting does not contradict the pertinent testimony of Detective Moore. Defendant testified that he left the scene of the crime because he was in total shock. Even if the trial court's ruling had been error, it would have been harmless. La.Code Cr.Pro. art. 921.
Therefore, the conviction and sentence are affirmed.
AFFIRMED.